UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JOHN LYONS,

    Plaintiff,   CIVIL ACTION NO. 05-CV-71281-DT

v.   DISTRICT JUDGE BERNARD A. FRIEDMAN

MARK HACKEL, MICHELLE   MAGISTRATE DONALD A. SCHEER
SANBORN, GAIL GIBSON,
THE COUNTY OF MACOMB,
MACOMB COUNTY SHERIFF'S
DEP'T, and CORRECTIONAL
MEDICAL SERVICES, INC.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

Plaintiff, while incarcerated at the Macomb County Jail,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on April 1, 2005, against the above named defendants alleging that they had been deliberately indifferent to his serious medical needs. Claiming violations of his Eighth Amendment rights under the federal constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003); Burton v. Jones, 321

F.3d 569, 574 (6th Cir.2003). Plaintiff did not attach any copies of his jail grievances to the Complaint. The PLRA clearly makes exhaustion a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002).  Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so.  As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

SUPERVISORY DUTIES

Alternatively, the instant Complaint should be dismissed as to the Macomb County Sheriff (Hackel), Macomb County Jail Administrator (Sanborn) and the Medical Director of Health Services (Gibson) based on their lack of personal involvement in the underlying acts giving rise to this action.  In order to state a claim for monetary damages under § 1983, the Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient.  Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989). Additionally, a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisory official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982), cert. denied, 459 U.S. 833 (1982).

In the instant Complaint, Defendants Hackel, Sanborn and Gibson were apparently named as defendants because of their respective positions of authority and administrative responsibility. Because the Plaintiff failed to indicate that these defendants were personally involved in conduct violative of Plaintiff's constitutional rights, his complaint should be dismissed as to each of them. Similarly, there is no proper basis alleged in the complaint for a claim against Macomb County, Macomb County Sheriff's Department and Correctional Medical Services (CMS)[2]. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: October 17, 2005

---

[2] CMS, acting as an agent of the State, is also not liable under the theory of respondeat superior. Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996).

## CERTIFICATE OF SERVICE

I hereby certify on October 17, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 17, 2005.  **David Lyons, James Meyerand.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217